# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.  Criminal Case No: 1:14-cr-32-4

**CHRISTOPHER MICHAEL WALLS,**
      **Defendant.**

## OPINION/ REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Christopher Michael Walls, in person and by counsel, James Zimarowski and Jessie Reckart, appeared before me on July 9, 2014. The Government appeared by Stephen Warner, Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Five of the Second Superseding Indictment.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court then inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation

at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court thereafter inquired Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Christopher Michael Walls, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned then reviewed with Defendant Count Five of the Second Superseding Indictment and the elements the Government would have to prove, charging him with aiding and abetting the distribution of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. The undersigned also reviewed with Defendant the statutory penalties applicable to an individual adjudicated

guilty of the felony charge contained in Count Five of the Second Superseding Indictment and paragraph one (1) of his written plea agreement, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also understood that the parties had reached an agreement regarding an appropriate sentence for the offense charged in Count Five, that being imprisonment for a period of 120 months, to be served consecutively to the State of West Virginia parole revocation he is currently serving. Defendant further understood that any monetary penalties, fees and/or restitution would be determined by the District Court. The Court inquired of Defendant and determined Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment and supervised release, if and only if the Court

accepts the plea agreement; that the District Judge would advise him whether she accepted his plea agreement; and if she did not follow or refused to accept the sentencing provisions set forth in the agreement, he would have the right to withdraw his guilty plea. If Defendant had the right under the above provision to withdraw his guilty plea, and did not do so, the District Judge could then sentence him to any sentence within the statutory maximum earlier addressed. Upon inquiry, Defendant further understood that the District Judge would utilize the advisory Sentencing Guidelines to assist her in deciding whether to accept or reject his plea agreement and the binding sentence contained therein. The undersigned also advised, and Defendant started that he understood, that the Sentencing Guidelines are no longer mandatory. Defendant further stated his attorney showed him how the advisory Guidelines chart worked.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. From such review, the undersigned determined that, pursuant to paragraph 12 of his written plea agreement, Defendant understood that if the District Court accepted the agreement and imposed the recommended sentence of 120 months of incarceration, he was agreeing to waive his appellate and collateral attack rights on any ground whatsoever. Defendant stated that he understood paragraph 12 when he signed the written plea agreement on July 9, 2014 and that his understanding of that paragraph had not changed. From the colloquy, the undersigned determined that Defendant understood his appellate and collateral attack rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned

then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government or other persons, including his own attorney, other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Five of the Second Superseding Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after she had an opportunity to review the pre-sentence investigation report, would the District Judge adjudicate the Defendant guilty of the offense contained in Count Five of the Second Superseding Indictment and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also admitted to the Forfeiture Allegation contained in the Second Superseding

Indictment and understood and agreed to the administrative forfeiture of the property listed therein. He waived the right to notice regarding the forfeiture and agreed that neither he nor anyone acting for him shall appear in or pursue any action to contest the forfeiture.

Usually, the Court would hear the testimony of a Government witness to provide an independent basis in fact for Defendant's plea. However, the parties stipulated that the Government would provide a proffer to support such an independent basis in fact. The Government proffered that on January 14, 2014, a confidential informant ("CI") arranged to purchase three (3) 30 mg oxycodone pills for $120.00 from Defendant and co-defendant Chad Register. The CI picked up Defendant from his residence in Clarksburg, West Virginia, and traveled to the parking lot of the Aldi's on Emily Drive in Clarksburg, within the Northern District of West Virginia. A short time later, Register arrived in a green Toyota. Officers Root and Sylvester of the Greater Harrison County Drug Task Force conducted surveillance. They observed Defendant exit the CI's vehicle and get into Register's vehicle. Defendant then returned to the CI's vehicle and gave the CI three (3) oxycodone pills marked "K9." Defendant requested that the CI give him one of the pills; the CI eventually gave Defendant half of one of the pills.

Defendant stated he heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count Five of the Second Superseding Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Thereupon, Defendant, Christopher Michael Walls, with the consent of his counsel, James Zimarowski and Jessie Reckart, proceeded to enter a plea of **GUILTY** to Count Five of the Second Superseding Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant

is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Second Superseding Indictment as a whole, but in particular as to Count Five of the Second Superseding Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Five of the Second Superseding Indictment; and Defendant's plea is independently supported by the Government's proffer, which provide, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Five of the Second Superseding Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the State of West Virginia to continue serving his state sentence pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver

of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 11th day of July, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE